UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MERTUS CORLEY, )<br>)<br>         Plaintiff   )<br>)<br>   vs.                )<br>)<br>TEAMSTERS LOCAL NO. 135, )<br>)<br>         Defendant )| CAUSE NO. 3:02-CV-807 RM |

OPINION and ORDER

The Teamsters Local Union No. 135 seeks summary judgment on Mertus Corley's claim that the Union discriminated against him on the basis of his race and age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. For the following reasons the court grants the Union's motion.

The following facts are taken from the summary judgment record and are viewed as favorably to Mr. Corley as is reasonable. Mr. Corley, an African-American male over the age of 45, is a member of the Teamsters Union Local No. 135. The Union entered into a collective bargaining agreement with several employers, including Woodruff & Sons, who employed Mr. Corley from August 1999 until September 2002.

In December 2001, Mr. Corley filed two grievances against Woodruff & Sons arising from Woodruff sending Mr. Corley home from work. In accordance with the grievance procedure outlined in Article 11 of the collective bargaining agreement,

the Union investigated Mr. Corley's grievances. The Union decided not to submit either grievance to arbitration. Mr. Corley filed a charge with the National Labor Relations Board, alleging that the Union failed to properly represent him regarding the grievances he filed. The NLRB decided there was insufficient evidence to warrant further proceedings on his charge, and the Director of the Office of Appeals of the National Labor Relations Board affirmed that decision.

On September 13, 2002, Woodruff laid off Mr. Corley. Mr. Corley filed another three grievances with the Union against Woodruff, one of which addressed advance vacation pay. The Union again investigated. Woodruff denied any wrongdoing, but agreed to pay Mr. Corley the requested advance vacation pay as a gesture of goodwill. The Union again decided not to submit any of Mr. Corley's grievances to arbitration because they were unmeritorious.

After filing this suit against the Union for alleged violations of Title VII and the ADEA, Mr. Corley filed another charge with the NLRB, again claiming the Union failed to adequately represent him. The NLRB dismissed his charge due to insufficient evidence to establish a violation of the applicable statutes; the Director of the Office of Appeals denied Mr. Corley's appeal of that decision.

The Union moved for summary judgment on both of Mr. Corley's claims against it. Mr. Corley filed a hand- written response along with certain attached exhibits. After the deadline for briefing had passed, Mr. Corley submitted additional material for the record, to which the Union filed a reply. In the interests of justice and in light of Mr. Corley's pro se status, the court considers the

2

additional submitted material, as well as the Union's reply, as part of the summary judgment record.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). No genuine issue of material fact exists when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. Ritchie v. Glidden Co., 242 F.3d 713, 720 (7th Cir. 2001). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in his favor. Lawrence v. Kenosha County, 391 F.3d 837, 841-842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'") (quoting Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

Mr. Corley's alleges he was subjected to discrimination by reason of his being African-American and being over the age of forty-five. Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for any employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

Mr. Corley may avoid summary judgment on his discrimination claims through the direct the or indirect method of proof. Under Title VII, Mr. Corley may proceed under the direct method if he can demonstrate discriminatory intent by setting forth "a 'convincing mosaic' of circumstantial evidence that points directly to a discriminatory reason for the employer's action." Sartor v. Spherion Corp., 388 F.3d 275, 278 (7th Cir. 2004) (quotations and citations omitted). Under the ADEA, Mr. Corley may proceed under the direct method if he "present[s] enough evidence (whether direct or circumstantial) to raise a genuine issue concerning [the Union's] motivation in carrying out the challenged ... action." Richter v. Hook-SupeRx, Inc., 142 F.3d 1024, 1028 (7th Cir. 1998).

Alternatively, Mr. Corley may establish a prima facie case by offering indirect evidence of discrimination under the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). This indirect

4

method of proof "is applicable whether the discrimination alleged is on the basis of [race], when proceeding pursuant to Title VII, or on the basis of age, under the ADEA." Jordan v. City of Gary, Ind., 396 F.3d 825, 833 (7th Cir. 2005); *see also* Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43 (2000).

The record doesn't allow Mr. Corley to proceed under the direct method on his Title VII claim. Mr. Corley has not come forth with any evidence other than his own assertions that the Union chose not to submit his grievances to arbitration because of his race. Even when viewing the record in the light most favorable to Mr. Corley, it contains no direct evidence and insufficient circumstantial evidence to set forth a convincing mosaic that points directly to a discriminatory reason for the Union's actions. Rather, the record contains unrebutted evidence (submitted by both the Union and Mr. Corley) of the Union's thorough investigation of Mr. Corley's grievances, the favorable resolution of one of his grievances, and two separate determinations by the NLRB that the Union adequately represented him on his grievances.

As to Mr. Corley's ADEA claim, there is no evidence in the record other than the Mr. Corley's assertions contained in the complaint that the Union's decision not to take his grievances to arbitration was based on his age. Because Mr. Corley cannot proceed under either Title VII's or the ADEA's direct method of proof, the court turns to the indirect method.

Under the indirect method of proof, Mr. Corley must show that "he belongs to a racial minority, that he requested action by the union, that despite the

5

propriety of such requests he was refused, and that others of a different race making similar requests were aided by the union." <u>Movement for Opportunity and Equal. v. General Motors Corp.</u>, 622 F.2d 1235, 1255 (7th Cir. 1980). There is no dispute that Mr. Corley satisfies the first three requirements (insofar as the Union did not submit his grievances to arbitration), but he can't establish a prima facie case under the indirect method because the record would not allow a finding that the Union aided others of a different race making similar requests.

While Mr. Corley identifies other white union members who either remained working at Woodruff or were laid off by Woodruff after Mr. Corley, he hasn't identified another member whose grievances the Union submitted to arbitration. Even with Mr. Corley's supplemental briefing and evidence, the record doesn't identify a person of a different race or a younger person aided by the Union in a way that Mr. Corley was not. Without this required evidence, Mr. Corley cannot prevail under the indirect method of proof on either his Title VII or ADEA claim for discrimination.

The record does not allow Mr. Corley to proceed on either his Title VII or ADEA claim. Thus, the Union is entitled to summary judgment on these claims and the court GRANTS its motion for summary [Doc. No. 20]. The court DIRECTS the clerk to enter judgment in favor of the defendant.

SO ORDERED.

ENTERED: <u>June 6, 2005</u>

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: M. Corley
W. Groth